IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TYRONE HARRIS, #118835, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-965-WC |
| | ) | [WO] |
| | ) | |
| RICHARD ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

## I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tyrone Harris ["Harris"], an indigent state inmate.  In this complaint, Harris alleges during his most recent intake at Kilby Correctional Facility ["Kilby"] he received a pair of state-issued boots, instead of tennis shoes, and these boots eventually caused pain and swelling, which he reported to officials at Bullock Correctional Facility ["Bullock"] after transfer to this facility.  Pl.'s Compl. (Doc. No. 1) at 2-3.[1]  Harris names Richard Allen, the Commissioner of the Alabama Department of Corrections at the time he filed this complaint, and John Cummins, the warden of Kilby, as defendants in this cause of action.  He seeks monetary damages for the alleged violation of his constitutional rights.

---

[1] The initial intake and processing of state inmates, except those sentenced to death, is undertaken at Kilby.  During the intake procedure, the inmate is provided either a pair of brogans, above ankle boots with laces, or tennis shoes.

The defendants filed a special report and relevant supporting evidentiary material addressing Harris' claim for relief.  Pursuant to the orders entered in this case, the court deems it appropriate to construe the report as a motion for summary judgment.  January 14, 2010 Order ( Doc. No. 26).  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of this motion, the evidentiary material filed in support thereof, and the plaintiff's response, the court concludes the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings,

---

[2] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

discovery materials and affidavits], which it believes demonstrate the absence of a genuine

issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The movant may meet this burden by presenting evidence indicating there is no dispute of

material fact or by showing that the nonmoving party has failed to present evidence in

support of some element of its case on which it bears the ultimate burden of proof. *Id.* at

322-24.

      The defendants have met their evidentiary burden and demonstrated the absence of

any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with

appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.

*Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324;

Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to

properly address another party's assertion of fact by [citing to materials in the record

including affidavits, relevant documents or other materials] the court may . . . grant summary

judgment if the motion and supporting materials – including the facts considered undisputed

– show that the movant is entitled to it."). A genuine dispute of material fact exists when the

nonmoving party produces evidence that would allow a reasonable fact-finder to return a

verdict in its favor. *Greenberg*, 498 F.3d at 1263.

      In civil actions filed by inmates, federal courts

      must distinguish between evidence of disputed facts and disputed matters of
      professional judgment. In respect to the latter, our inferences must accord
      deference to the views of prison authorities. Unless a prisoner can point to
      sufficient evidence regarding such issues of judgment to allow him to prevail

on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Harris is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim(s) for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (Plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment. . . .").

4

Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Sw. Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

5

there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court, which is admissible on its face or which can be reduced to admissible form, indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Harris fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## III.  DISCUSSION

### A.  Absolute Immunity

With respect to claims lodged against the defendants in their official capacities, they

are immune from monetary damages.  Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59] (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear to the court that the defendants are state officials entitled to sovereign immunity under the Eleventh Amendment for all claims seeking monetary damages from them in their official capacities.  *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).  Thus, the defendants are entitled to absolute immunity from any claims for monetary relief presented against them in their official capacities. *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B.  Uncontested Material Facts

Upon his arrival at Kilby, sometime in 2009, for processing into the state correctional system, intake officers issued Harris a pair boots.  Subsequently, Harris transferred to

Bullock.  After his transfer to Bullock, Harris "requested state tennis shoes . . . but laundry [advised] . . . they do not have my size and refused [the request]."  Pl.'s Compl. (Doc. No. 1) at 2.  Harris advises "[t]his complaint is not against laundry and medical staff at Bullock prison but Kilby Correct[ional] Facility that issued state shoes.  *Id*. at 3.

### C.  Disposition of Claim for Relief

Harris complains defendants Allen and Cummins acted with deliberate indifference to his health and/or safety by providing him a pair of ill-fitting boots.  The defendants adamantly deny they acted with deliberate indifference to Harris' health or safety.

Correctional officials may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health or safety when the official knows the inmate faces "a substantial risk of serious harm" and with such knowledge disregards the risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.'  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994).  A plaintiff must also show that the constitutional violation caused his injuries." *Marsh*, 268 F.3d at  1028.

The law is well settled that both objective and subjective elements are necessary to establish an Eighth Amendment violation.  With respect to the requisite objective elements of a deliberate indifference claim, an inmate must first show "an objectively substantial risk

of serious harm . . . exist[ed].  Second, once it is established that the official is aware of this

substantial risk, the official must react to this risk in an objectively unreasonable manner."

*Marsh*, 268 F.3d 1028-29.  As to the subjective elements, "the official must both be aware

of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference. . . .  The Eighth Amendment does not outlaw

cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'  . . . ***[A]n***

***official's failure to alleviate a significant risk that he should have perceived but did not,***

***while no cause for commendation, cannot under our cases be condemned as the infliction***

***of punishment***."  *Farmer*, 511 U.S. at 837-38 (emphasis added); *Campbell v. Sikes*, 169 F.3d

1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838) ("Proof that the defendant

should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d

1480, 1491 (11th Cir. 1996) (same).  The conduct at issue "must involve more than ordinary

lack of due care for the prisoner's interests or safety. . . .  It is ***obduracy and wantonness, not***

***inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and

Unusual Punishments Clause, whether that conduct occurs in connection with establishing

conditions of confinement, supplying medical needs, or restoring official control over a

tumultuous cellblock."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

> To be deliberately indifferent, Defendants must have been "subjectively
> aware of the substantial risk of serious harm in order to have had a
> '"sufficiently culpable state of mind."'"  *Farmer*, 511 U.S. at 834-38, 114
> S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25,
> 115 L.Ed.2d 271 (1991). . . .  Even assuming the existence of a serious risk of
> harm and legal causation, the prison official must be aware of specific facts

> from which an inference could be drawn that a substantial risk of serious harm
> exists - and the prison official must also "draw that inference." *Farmer*, 511
> U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The known risk of injury must

be a strong likelihood, rather than a mere possibility before a [state official's] failure to act

can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.

1990) (citations and internal quotations omitted). As the foregoing makes clear, "[m]erely

negligent failure to protect an inmate . . . does not justify liability under section 1983. . . ."

*Id*.

Pursuant to the aforementioned criteria, Harris is "required to produce sufficient

evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference

to that risk; and (3) causation[]" in order to survive summary judgment on his deliberate

indifference claim against the supervisory officials. *Hale v. Tallapoosa County*, 50 F.3d

1579, 1582 (11th Cir. 1995); *Farmer*, 511 U.S. at 837-38 (To circumvent entry of summary

judgment on a properly supported motion, plaintiff must produce sufficient evidence which

demonstrates (1) an objectively substantial risk of serious harm; (2) a subjective awareness

of this risk on the part of the defendants; (3) the defendants responded to such risk in an

objectively unreasonable manner; and (4) the actions/omissions of the defendants caused his

injuries); *Marsh*, 268 F.3d at 1028-29 (same).

The record is completely devoid of evidence that the defendants against whom Harris

lodges his claims acted with deliberate indifference. Harris presents no evidence of an

objectively substantial risk of serious harm nor is there any evidence demonstrating subjective awareness of a substantial risk of such harm by defendants Allen and Cummins, each of which is a required element of the instant Eighth Amendment claim.  Moreover, the evidentiary material submitted by the defendants demonstrates the actions about which Harris complains did not occur pursuant to any policy enacted by defendants Allen and Cummins; rather, the evidence establishes that applicable policies require inmates be provided proper footwear and allowed access to medical treatment upon request.

"Plaintiff has failed to establish that [these] Defendant[s] had a subjective awareness of a substantial risk of serious physical [harm] to Plaintiff; thus, Plaintiff has failed to establish a required element of this claim.  When viewing the evidence most favorably toward Plaintiff, a claim for deliberate indifference has not been established. . . ." *Carter*, 352 F.3d at 1350 (footnote omitted).  Consequently, summary judgment is due to be granted in favor of defendants Allen and Cummins on any claim of deliberate indifference lodged against them by Harris.

### D.  Respondeat Superior

To the extent Harris seeks to hold defendants Allen and Cummins liable in their supervisory capacities for the actions of other correctional officials, he is likewise entitled to no relief.  The law is well settled that a defendant "can have no respondeat superior [or vicarious] liability for a section 1983 claim." *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1035 (11th Cir. 2001); *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) ("[S]upervisory

officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability.); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1115-16 (11th Cir. 2005) (In establishing liability under § 1983, a prisoner cannot rely on theories of vicarious liability or respondeat superior.).  Thus, defendants Allen and Cummins can be held liable for the challenged actions of other officers only if they "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [their] actions . . . and the alleged constitutional deprivation[s]." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

     Harris concedes defendants Allen and Albright did not personally participate in either the provision of footwear to him at Kilby or the denial of his request for a change of shoes by officials at Bullock.  Based on the foregoing, these defendants may be held liable in this 42 U.S.C. § 1983 action only if their actions are shown to bear a causal relationship to the purported violation of Harris' constitutional rights.  To establish the requisite causal connection, and therefore avoid entry of summary judgment in favor of these defendants,

Harris must present sufficient evidence of either "a history of widespread abuse [that] put[] [Allen and Cummins] on notice of the need to correct the alleged deprivation, and [the defendants] fail[ed] to do so. . . ." or "a . . . custom or policy [that] result[ed] in deliberate indifference to constitutional rights, or . . . facts [that] support an inference that [Allen and Cummins] directed the subordinates to act unlawfully, or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360 (internal punctuation and citations omitted). This standard of supervisory liability "is extremely rigorous." *Gonzalez*, 325 F.3d at 1234. A thorough review of the pleadings and evidentiary material submitted in this case demonstrates Harris has failed to meet this burden as the record before the court contains no evidence to support an inference that the defendants directed other officers to act unlawfully or knew of any unlawful acts against Harris nor can the court countenance the existence of any such evidence. Harris has likewise presented no evidence indicating a history of widespread abuse which put Allen and Cummins on requisite notice of a lack of adequate footwear available for inmates. Consequently, neither method of establishing supervisory liability under the causal relationship test provides a basis for liability under § 1983. In addition, as previously noted, the record is devoid of evidence that a custom, policy or practice of the Alabama Department of Correction resulted in the alleged violations of Harris' constitutional rights. *Cf. Emp't Div. v. Smith,* 494 U.S. 872, 877 (1990); *Turner v. Safely,* 482 U.S. 78 (1987). Summary judgment is therefore due to be granted in favor of defendants Allen and Cummins on those claims arising from actions of other

13

correctional officials.

A separate order will accompany this memorandum opinion.

Done this 7th day of December, 2011.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE